UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

DAQUAN PRIESTER-KING,

                Plaintiff,

    -against-

NYPD POLICE OFFICER AAQIB BHATTI, Shield No. 14985, NYPD POLICE OFFICER STEVEN CARABALLO, Shield No. 21893, NYPD POLICE OFFICER MUBBASHAR ZAHID, Shield No. 1913 and NYPD POLICE OFFICERS JOHN DOES NUMBERS ONE THROUGH TEN,

                Defendants.

------------------------------------------------------------------- X

COMPLAINT AND JURY DEMAND

DOCKET NO.

ECF CASE  1:24-CV-3050

      Plaintiff DAQUAN PRIESTER-KING, by his attorneys, Shulman-Hill, PLLC, as and for his Verified Complaint herein, alleges upon information and belief as follows:

## PRELIMINARY STATEMENT

      1.    This is a civil rights action to recover money damages arising out of defendants' violation of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988, and of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

      2.    This claim arises from a September 4, 2022 incident in which defendants, acting under color of state law falsely arrested Plaintiff in the vicinity of 1680 Bedford Avenue, County of Kings, New York. In addition, Plaintiff was subjected to assault, battery, and approximately fourteen (14) months in unlawful custody at the NYPD 71st Precinct, Kings County Central Bookings, and Rikers Island Correctional Facility. All charges made against the Plaintiff were dismissed and sealed in their entirety on or around October 30, 2023.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the First, Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff resided at all times here relevant in Kings County, City and State of New York.

8. On information and belief, at all times relevant hereto, Defendant Bhatti, Defendant Caraballo, Defendant Zahid, and Defendant John Doe 1-10, were involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting plaintiff without probable cause.

9. Upon information and belief, Defendant Bhatti, Defendant Caraballo, Defendant Zahid, and Defendant John Doe 1-10 were under the command of the 71st precinct on the date of the incident.

10. While an officer at the 71st precinct, Defendant Bhatti, Defendant Caraballo,

Defendant Zahid, and Defendant John Doe 1-10's supervisors failed to train, supervise, discipline and control them.

11. On information and belief, at all times relevant hereto, Defendant Bhatti, Defendant Caraballo, Defendant Zahid, and Defendant John Doe 1-10 were under the command of the 71st precinct and are sued in their individual capacity.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

14. On September 4, 2022, at approximately 3:00 a.m., Plaintiff was lawfully present at or near the vicinity of 1680 Bedford Avenue, County of Kings, New York, when the defendant Police Officers unlawfully arrested Plaintiff without probable cause or legal justification.

15. At the aforementioned place and time, Plaintiff had just left a bar on Franklin Avenue with his friend and was walking along the sidewalk, when he observed defendant officers running past him in pursuit of another person.

16. A short time later, Defendant Bhatti and Defendant Caraballo circled back and approached the plaintiff, and demanded that he put his hands behind his back; Plaintiff dropped to his knees and complied immediately.

17. It was at this point that Defendant Bhatti and Defendant Caraballo began to arrest the plaintiff, restraining him with metal handcuffs and subjecting him to unlawful pat-down search.

18. During his arrest, Defendant Bhatti and Defendant Caraballo officers tightly cuffed the Plaintiff and dragged him across the ground, causing severe pain and physical injuries.

19. At no time relevant herein did Plaintiff commit a crime or violate the law in any way, nor did the police officers have an objective reason to accuse Plaintiff of committing a crime or violating the law in any way.

20. At no point did Defendant Officers recover any drugs, weapons, graffiti instruments, or other illegal contraband from Plaintiff or from a location that was in Plaintiff's possession, custody, or control.

21. Plaintiff did not resist arrest.

22. Nevertheless, Plaintiff was unlawfully arrested and handcuffed by Defendant Bhatti and Defendant Caraballo without legal justification or probable cause.

23. Thereafter, the plaintiff was transported against his will to the NYPD 71st Precinct by Defendant Bhatti, Defendant Caraballo and Defendant Police Officers John Doe 1-10, where he was fingerprinted, photographed, and placed in a holding cell.

24. Thereafter, Plaintiff was transported to Kings County Central Bookings, where he was again processed and placed in a holding cell.

25. While Plaintiff was in custody, Defendant Bhatti, Defendant Caraballo and Defendant Police Officers John Doe 1-10 provided the Kings County District Attorney's Office with the false, misleading and/or incomplete information that Plaintiff committed a crime.

26. Specifically, Defendant Bhatti, Defendant Caraballo and Defendant Police Officers John Doe 1-10 falsely stated to the Kings County District Attorney's Office that Plaintiff was engaged in Criminal Possession of a Weapon and other related charges.

27. On or about September 30, 2022, the plaintiff was arraigned in criminal court, charged with crimes he did not commit, and was thereafter remanded to Rikers Island Correctional Facility.

28. While in custody at Rikers, Plaintiff was subjected to dangerous and inhumane conditions, including but not limited to a physical assault at the hands of a corrections officer, and being locked up without food or water for days on end.

29. During their Grand Jury testimony, defendant officers lied about the facts of this case in an attempt to secure an illegal indictment against the Plaintiff.

30. The OCME recovered a DNA mixture from a firearm that Defendant Bhatti, Defendant Caraballo and Defendant Police Officers John Doe 1-10 claim Plaintiff was in possession of.

31. Plaintiff's DNA was tested against the DNA from the firearm.

32. According to the OCME, the Plaintiff's DNA was not a contributor to the DNA mix; the DNA mix was not a match to Plaintiff.

33. After intricate review of video surveillance of the incident, it was clear that defendant officers' testimony in the grand jury and at trial regarding the incident in question was false.

34. Plaintiff was thereafter put through three (3) trials for these charges, two of which ended in a mistrial.

35. Thereafter, on or about October 30, 2023, the third trial jury acquitted the Plaintiff of all charges, and Plaintiff was finally released from unlawful custody.

36. Plaintiff spent a total of fourteen (14) months in unlawful custody at Rikers Island.

37. Some of the police officer defendants, including Defendant Bhatti, Defendant Caraballo and Defendant Police Officers John Doe 1-10 observed the violation of Plaintiff's rights under the Constitution of the United States and New York State Law and did nothing to prevent their fellow officers from unjustifiably arresting, confining, and using excessive force against Plaintiff.

38. During all of the events described, Defendant Bhatti, Defendant Caraballo and Defendant Police Officers John Doe 1-10 acted maliciously and with the intent to injure plaintiff.

39. The unlawful arrest, confinement, and use of excessive force by the individually named defendants caused Plaintiff to sustain physical, psychological, and emotional trauma.

## DAMAGES

40. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a) Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

    b) Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

    c) Physical pain and suffering;

    d) Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

e) Loss of liberty; and

f) Lost wages.

## FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

41. The above paragraphs are here incorporated by reference as though fully set forth.

42. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiffs without reasonable suspicion.

43. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

44. The above paragraphs are here incorporated by reference as though fully set forth.

45. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

46. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

47. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

48. The above paragraphs are here incorporated by reference as though fully set forth.

49. By their conduct, as described herein, Defendants are liable to Plaintiff for the

violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

50. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

51. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

52. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FOURTH CAUSE OF ACTION**
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

53. The above paragraphs are here incorporated by reference as though fully set forth.

54. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Plaintiff possessed a firearm.

55. The individual Defendants forwarded false evidence to prosecutors in the King's County District Attorney's office.

56. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fourth and Fourteenth Amendments of the United States Constitution.

57. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FIFTH CAUSE OF ACTION**
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

58. The above paragraphs are here incorporated by reference as though fully set forth.

59. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

60. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

61. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SIXTH CAUSE OF ACTION**
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

62. The above paragraphs are here incorporated by reference as though fully set forth.

63. The individual Defendants used excessive, unreasonable and unnecessary force with plaintiff in using excessively tight handcuffs and dragging him along the floor while arresting him.

64. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on the plaintiff without consent.

65. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

    a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

    b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

    c)      Awarding Plaintiff compensatory and special damages in an amount to be determined by a jury;

    d)      Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

    e)      Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: April 24, 2024
       New York, New York                      Respectfully submitted,

*Cary London*

*Cary London, Esq.*
Bar Number: CL2947
Attorney for Mr. Priester-King
Shulman & Hill, PLLC
1 State Street Plaza – 15th FL
New York, NY 10004
(212)-203-1090
Cary@Shulman-Hill.com